972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Joseph M. PALOMBA, Defendant-Appellant.
 No. 91-10167.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 5, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph M. Palomba appeals his sentence, following conviction in a jury trial, for two counts of mail fraud in violation of 18 U.S.C. § 1341, four counts of wire fraud in violation of 18 U.S.C. § 1343, and one count of giving false statements to a federal agency in violation of 18 U.S.C. § 1001. He was sentenced to 71 months imprisonment and three years supervised release. Palomba contends that the district court erred by including both actual and unrealized losses in its calculation of loss resulting from Palomba's actions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's legal interpretation of the Sentencing Guidelines, and we review for clear error the district court's factual determinations made in the course of applying the Guidelines. United States v. Wilson, 900 F.2d 1350, 1355 (9th Cir.1990).
 
 
 4
 In cases involving fraud or deceit, the Guidelines authorize the district court to adjust the defendant's offense level based on the amount of loss involved in the offense. U.S.S.G. § 2F1.1. In adjusting the offense level pursuant to section 2F1.1, the Guidelines' definition of "loss" includes intended as well as actual losses. United States v. Joetzki, 952 F.2d 1090, 1096 (9th Cir.1991); Wilson, 900 F.2d at 1355; U.S.S.G. § 2F1.1, comment. (n.7). In order to uphold an upward adjustment on a loss, the district court has to find only that the defendant attempted to inflict the loss. Joetzki, 952 F.2d at 1096. In determining the net intended loss resulting from a fraudulent scheme, the district court is entitled to consider losses actually incurred as well as losses that would have been incurred had the scheme been completed. See United States v. Burns, 894 F.2d 334, 336 (9th Cir.1990) (in a fraudulent credit card scheme, the district court was entitled to consider evidence of orders that were made by the defendant but that were not delivered once the victim became suspicious of the defendant).
 
 
 5
 Here, Palomba's fraudulent schemes resulted in an actual loss to the government and to contractors of $249,884. Palomba's schemes would have also resulted in an additional loss of $107,624 except that the government became aware of Palomba's fraud before these additional losses were realized. The district court correctly included both realized and unrealized losses in its calculation of intended loss. See Burns, 894 F.2d at 336. The district court properly aggregated these two figures to arrive at the total intended loss of $357,508 resulting from Palomba's fraudulent actions. See Joetzki, 952 F.2d at 1096; Wilson, 900 F.2d at 1355.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3